UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    CHARLES R. LIVECCHI, SR.,                 Bankruptcy Case No. 09-20897
                                                                  Chapter 7
                                 Debtor.

    KENNETH W. GORDON, Trustee,                Adversary Proceeding
                                                   Case No. 11-02027

                                 Plaintiff,

                         vs.

    SHERRIE LEE LIVECCHI,

                                 Defendant.

**DECISION AND ORDER
DENYING MOTION TO RECONSIDER**

PAUL R. WARREN, United States Bankruptcy Judge

      The Debtor, Charles R. Livecchi, Sr. ("Debtor") filed a motion seeking to have the Court reconsider its Decision and Order granting summary judgment on the Trustee's First Cause of Action, involving the fraudulent transfer of property of the Estate, and denying the Defendant's cross-motion to dismiss or, in the alternative, to amend the Answer. (ECF AP No. 173).[1] The Debtor filed an amended motion several days later, identical to the original motion except for the time at which the motion would be heard. (ECF AP No. 177) (collectively "Motion").[2] On the day

---

[1] References to the docket for the adversary proceeding are identified as "ECF AP No."
[2] For ease of reference, the Court will cite only to the amended Motion. (ECF AP No. 177).

following the filing of the Debtor's initial Motion, the Defendant filed a notice of appeal with respect to the Court's Decision and Order (ECF AP No. 174). The Trustee filed opposition to the Debtor's Motion. (ECF AP No. 185). The Debtor filed an Affirmation in further support of his Motion on December 10, 2014, asserting that the Court has a bias or prejudice against him and referring to 28 U.S.C. § 144. (ECF AP No. 191).

After careful consideration of the submissions, as well as the arguments of the Debtor and Trustee at the hearing held by the Court on the Motion, for the reasons that follow, the Debtor's Motion is **DENIED**.

## I.

## JURISDICTION

The Court has jurisdiction to hear the motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b). The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has jurisdiction to enter a final order.

## II.

## FACTS

On November 20, 2014, this Court entered a Decision and Order granting the Trustee's motion for summary judgment on the First Cause of Action in the adversary proceeding, avoiding the transfer of a Ferrari, and granting judgment against the Defendant in the amount of $50,000, representing the value of the Ferrari at the time of the transfer, pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a). (ECF AP No. 165). The Decision and Order also denied the Defendant's

cross-motion seeking either summary judgment dismissing the Complaint or, in the alternative, leave to amend the Answer. (ECF AP No. 165).

In the Motion, the Debtor seeks reconsideration on the grounds that (1) the Trustee should have brought the adversary proceeding against him, rather than his wife, and (2) that the information gathered by the Trustee from Lexington Federal Credit Union ("Lexington FCU") was obtained through an illegal subpoena, so that the resulting information should have been disregarded by the Court. (ECF No. 177). Further, the Debtor contends that the Defendant should not be liable for the entire $50,000 value of the Ferrari, asserting that the Defendant has a right to half of the vehicle under Texas Community Property Law. (*Id.*).[3]

The Trustee opposes the motion on grounds that (1) the Debtor lacks standing to be heard, and (2) the Debtor has not alleged any of the grounds necessary for relief under Rule 9024 FRBP and Rule 60 FRCP. (ECF No. 185).

### III.

### CONCLUSIONS OF LAW

The Court notes that the Debtor does not indicate whether his Motion is brought under either Rule 59 FRCP/Rule 9023 FRBP or Rule 60 FRCP/Rule 9024 FRBP—or both. The Court will treat the motion as having been brought under both Rules 59 and 60 FRCP, rather than adopting the narrow reading suggested by the Trustee because the motion is timely under both Rule 59 FRCP and Rule 60 FRCP.

---

[3] Neither the Defendant nor Debtor asserted this position in response to the motion for summary judgment on the first cause of action or in answer to the complaint.

## A. Recusal is Not Appropriate

As an initial matter, the Court must address the Debtor's supplemental Affirmation, to the extent that it could be read as a motion under 28 U.S.C. § 144. (ECF AP No. 191). The submission by Mr. Livecchi does not actually request recusal or contain facts demonstrating a personal bias or prejudice by the Court—it merely raises the specter of 28 U.S.C. § 144 by reference.

A party may file an affidavit under 28 U.S.C. § 144 only one time in a case and it must be filed at least 10 days before the date on which the proceeding is to be heard. The Debtor has made two previous recusal motions in this case, each of which was denied by the Court. (ECF BK No. 360, 370 [Denied, Ninfo, J.]; 1355, 1359, 1362, 1372 [Denied, Warren, J]). The supplemental Affirmation was filed at 11:53 a.m. on December 10, 2014, one day prior to the date on which the proceeding is to be heard. (ECF AP No. 191). Because the impartiality of the Court has been questioned, despite the apparent procedural infirmities, it is appropriate to address the merits of Mr. Livecchi's allegations, under both 28 U.S.C. § 144 and 28 U.S.C. § 455.[4]

Under 28 U.S.C. § 144, only specific allegations of personal bias or prejudice will suffice to disqualify a judge. *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001). A judge must review the facts included in the affidavit for their legal sufficiency and not recuse unnecessarily. *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966). The statute has been strictly construed, so as to safeguard the judiciary from frivolous attacks. *Simonson v. General Motors Corp.*, 425 F. Supp. 574, 578 (E.D. Penn. 1976).

---

[4] There is case law holding that 28 U.S.C. Section 144 applies only to district court judges because bankruptcy court judges are subject to recusal only under 28 U.S.C. § 455. *See* 5004(a) FRBP; *see also In re Smith*, 317 F.3d 918 (9th Cir. 2002); *In re Erchak*, 180 B.R. 466 (N.D.W.Va. 1994); *in re Celotex Corp.*, 137 B.R. 868 (Bankr. M.D. Fla. 1992).

Mr. Livecchi does not allege any "personal bias or prejudice" on the part of the Court. Instead, the supplemental Affirmation recites generalized claims that leads Mr. Livecchi to question the Court's impartiality. The Court does not believe Mr. Livecchi's allegations are sufficient under 28 U.S.C. § 144 to require recusal and reassignment.

28 U.S.C. § 455(b), applicable to bankruptcy judges pursuant to Rule 5004(a) FRBP, mandates recusal in certain specific circumstances where partiality is presumed. *U.S. v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). A judge must disqualify himself if he has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Recusal under 28 U.S.C. § 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001). Because Mr. Livecchi has failed to allege any "personal bias or prejudice" on the part of the Court, the Court finds that recusal in either the adversary proceeding or the bankruptcy case is not required under 28 U.S.C. § 455(b)(1).

28 U.S.C. § 455(b)(3) requires disqualification of a judge if he "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). As the Court has had only a judicial role in both the adversary proceeding and the bankruptcy case, it finds 28 U.S.C. § 455(b)(3) to be inapplicable.

28 U.S.C. § 455(a), applicable to bankruptcy judges pursuant to Rule 5004(a) FRBP, provides "[a]ny justice, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal is an objective one that assumes a reasonable person knows and understands all the relevant facts. *In re Drexel Burnham Lambert, Inc.*, 861 F.3d 1307, 1313 (2d Cir. 1988), *cert. denied*, 490 U.S. 1102 (1989). The test applied by the Second Circuit is whether "an objective disinterested observer

fully informed of the underlying facts, [would] entertain sufficient doubt that justice would be done absent recusal," or alternatively, whether "a reasonable person, knowing all the facts," would question the judge's impartiality. *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (citations omitted).

The Court's rulings described by Mr. Livecchi do not demonstrate evidence of deep-seated favoritism or antagonism that would make fair judgment impossible, which is necessary to succeed on a motion for recusal pursuant to 28 U.S.C. § 455(a). If Mr. Livecchi disagrees with the Court's various decisions, he may utilize the appellate process.

The Court finds that in light of all the facts and circumstances that are known, a reasonable person would not conclude that the Court's impartiality could reasonably be questioned under 28 U.S.C. § 455(a). Accordingly, the Court declines to transfer either this adversary proceeding or the underlying bankruptcy case or to recuse itself from these matters.

### B. The Bankruptcy Court Has Jurisdiction to Decide the Motion

The Court must address the procedural implications of the Defendant's taking an appeal of the Court's Decision and Order, *after* the Debtor had filed his Motion requesting reconsideration. Rule 8002(b) FRBP, an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure, suspends the time limits for appeals, where a timely motion is brought under Rule 9023 FRBP or Rule 9024 FRBP. *See* Rule 8002(b)(2), (3), and (4) FRBP. However, the bankruptcy court retains jurisdiction to decide such a motion, despite the subsequent filing of a notice of appeal. *See In re Evans*, AP No. 05-03017 at *3 (Bankr. N.D.Fla. 2006); 10 COLLIER ON BANKRUPTCY ¶ 8002.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Consequently, the appeal is merely

suspended until the Debtor's post-judgment motion is decided by this Court. *In re Evans*, AP No. 05-03017 at *3.

### C. The Debtor is Not Entitled to Relief Under Either Rule 59 FRCP or Rule 60 FRCP

    1. *Rule 59 FRCP and Rule 9023 FRBP*

Rule 59 FRCP sets forth the procedure for seeking a new trial or for altering a judgment. Rule 9023 FRBP provides that a motion under Rule 59 FRCP must be filed no later than 14 days after entry of judgment. The Debtor's Motion is timely for purposes of consideration under Rule 9023 FRBP. Reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and the conservation of judicial resources. 12 Moore's Federal Practice § 59.30[4] (Matthew Bender 3d ed.). A motion to alter or amend a judgment under Rule 59 FRCP may be granted if: (1) there is an intervening change in controlling law; (2) there is newly discovered evidence; (3) the judgment is based on manifest errors of law or fact; or (4) to prevent manifest injustice. *In re Arden Properties, Inc.*, 248 B.R. 164 (Bankr. D. Ariz. 2000); 12 Moore's Federal Practice § 59.30[5][a] (Matthew Bender 3d ed.). Reading the Debtor's Motion in the light most charitable leads the Court to conclude that it is based either on a claim that the Court's judgment is the result of manifest errors of law or to prevent a manifest injustice—the third and fourth grounds listed.

First, the Debtor contends that the Trustee's First Cause of Action—upon which the Court granted summary judgment—"was filed against the wrong party." (ECF AP No. 177 pg. 1). In other words, the Debtor contends that he was a necessary party to the action against his wife by the Trustee. Avoiding the Debtor's transfer of a Ferrari to the Defendant, as a fraudulent transfer under 11 U.S.C. § 548 (a)(1)(A), was the subject matter of the First Cause of Action. The Defendant-

7

Case 2-11-02027-PRW    Doc 194    Filed 12/11/14    Entered 12/11/14 14:11:59    Desc
Main Document    Page 7 of 11

transferee had possession of the Ferrari—apparently located in Texas—and declined the Trustee's turn-over demand. The Trustee sought no recovery from the Debtor, as transferor. The Debtor had no ownership interest in the property transferred. As the Second Circuit noted "[a] party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded *among those already parties*.'" *Mastercard Int'l Inc. v. Visa Int'l Service Ass'n Inc.*, 471 F.3d 377, 385 (2d. Cir. 2006) (emphasis in original). It has been held that a debtor is not an indispensable party where the debtor no longer has an interest in the property transferred. *In re Walters,* 8 B.R. 163 (Bankr. N.D.Ga. 1981); *see also In re Kahn,* 2014 Bankr. LEXIS 4205 (Bankr. E.D.N.Y. 2014)*; In re Hopkins,* 494 B.R. 306 (Bankr. E.D. Tenn. 2013).

The Debtor claimed no interest in the Ferrari and the Court could accord complete relief between the parties despite the Debtor's absence. The Debtor was, therefore, not a necessary party to the First Cause of Action. *See* Rule 19(a)(1) FRCP; Rule 7019 FRBP; *Mastercard Int'l Inc.*, 471 F.3d at 385. However, while not a party-defendant, the Debtor was certainly an active participant in the litigation, making numerous submissions, appearing at the many hearings held by the Court, and participating at oral argument. (ECF AP Nos. 111, 122, 134, 141, 144, and 150). [5] The Court finds that, while the Debtor has standing to be heard on his Motion requesting reconsideration, the Debtor's claim to be a necessary party to the adversary proceeding is unavailing.

---

[5] The Trustee repeatedly objected to the Court's considering the Debtor's submissions and to the Court permitting the Debtor to be heard at oral argument—contending that the Debtor lacked standing. Instead of silencing the Debtor, the Court permitted the Debtor to address the Court at each of the many hearings. Again, in opposition to the Debtor's motion, the Trustee asserts that the Debtor does not have standing to be heard. The Second Circuit has adopted a more flexible standard than that urged by the Trustee, however. *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180 (2d Cir. 2006) (principles governing standing are flexible to permit motions for relief, under Rules 59 and 60 FRCP, by a nonparty who is strongly affected by judgment).

Next, the Debtor contends that the Trustee's motion for summary judgment was based, in part, on "information gathered by [the Trustee] . . .with an illegal subpoena, so that the Court should have disregarded those bank statements." (ECF AP No. 277 pg. 2). Included as exhibits in support of the Trustee's motion for summary judgment were Lexington FCU banking statements with respect to both an account maintained solely by the Defendant and a joint-account maintained by the Defendant and Debtor. (ECF AP No. 112). The docket reflects the fact that the Trustee served a notice to produce bank statements on the Defendant, after having earlier moved to preclude and for sanctions because of the Defendant's failure to comply with an informal discovery request. (ECF AP No. 76, 99). At a hearing held on October 24, 2013, the Trustee indicated to counsel for the Defendant, with the Debtor present, that he would issue a third-party subpoena to Lexington FCU if the Defendant did not promptly produce the bank statements previously demanded. (ECF AP No. 114, transcript of hearing). The Trustee's motion for partial summary judgment, filed approximately one month later, included as exhibits certified copies of bank statements obtained from Lexington FCU pursuant to a subpoena. (ECF AP No. 112). The Debtor objected to the Trustee's subpoena, in a letter to the Trustee. (ECF AP No. 122). However, neither the Defendant nor the Debtor filed a motion seeking relief under Rule 45 FRCP or Rule 9016 FRBP.

The Debtor had an affirmative obligation to provide the Trustee with copies of statements for *all* bank accounts in which the Debtor had an interest. Rule 4002(a)(2)(B) FRBP; 11 U.S.C. § 521. The Lexington FCU bank statements for the Livecchis' joint account—fruit of the poisonous tree as the Debtor would have it—were only obtained by the Trustee through the vehicle of a third-party subpoena issued under Rule 45 FRCP more than three-years after the Debtor's case was converted from Chapter 11 to Chapter 7. In the Court's view, the Debtor cannot be heard to complain credibly about the fact that the Trustee's use of discovery tools in the adversary

9

proceeding against the Defendant resulted in the production of banking records that the Debtor had an affirmative obligation to both report on his bankruptcy schedules and to provide to the Trustee voluntarily under Rule 4002(a)(2)(B) FRBP—because the Debtor did neither. The Debtor's contentions concerning bank records obtained by way of the so-called "illegal" third-party subpoena fly in the face of the plain language of Rule 4002(a)(2)(B), implementing 11 U.S.C. § 521. [6]

The Court finds that the Debtor has failed to demonstrate the existence of any of the grounds for the Court to alter or amend its judgment under Rule 59 FRCP and Rule 9023 FRBP. To the extent that the Debtor's motion is brought under Rule 59 FRCP and Rule 9023 FRBP, the motion is **DENIED**.

### 2. *Rule 60 FRCP and Rule 9024 FRBP*

The Debtor's motion must also be considered under Rule 60 FRCP and Rule 9024 FRBP. Having carefully considered the Debtor's Motion under Rule 59 FRCP, the Court can quickly dispose of the Motion under Rule 60 FRCP. At best, the Motion can be read as seeking relief under either Rule 60(b)(3) or Rule 60(b)(6) FRCP—there simply are no allegations suggesting the application of Rule 60(b)(1), (2), (4), or (5). In disposing of the merits of the Debtor's Motion under Rule 59 FRCP, the Court has necessarily determined that there is no factual basis to find "fraud, misrepresentation, or misconduct" by the Trustee. The Debtor cannot find relief under Rule

---

[6] Any argument the Defendant may have had about the Trustee's alleged failure to follow the procedure set out in Rule 45(a)(4) has never been raised by the Defendant. Because the parties discussed the Trustee's intention to obtain bank statements from Lexington FCU, pursuant to Rule 45 FRCP, during the October 24, 2013 hearing, coupled with the Defendant's failure to object to that subpoena at any time prior to the Court's issuance of its decision granting the Trustee partial summary judgment on November 20, 2014, the Defendant has waived any objection concerning the subpoena.

60(b)(3) FRCP, as a result. In order to obtain relief under the "catch-all" provision of Rule 60(b)(6) FRCP, the Debtor must demonstrate the existence of extraordinary circumstances that justify relief and that no grounds under Rules 60(b)(1)-(5) exist. 12 Moore's Federal Practice §§ 60.48[1]; 60.48[3][a] (Matthew Bender 3d ed.). The necessity of demonstrating "extraordinary circumstances" is essential in order to balance relief under Rule 60(b)(6) FRCP with the courts' interest in preserving the finality of judgments. 12 Moore's Federal Practice § 60.48[3][a] (Matthew Bender 3d ed.).

The Court finds that the Debtor has failed to demonstrate the existence of extraordinary circumstances necessary for the Court to disturb its judgment of November 20, 2014. To the extent that the Debtor's Motion is brought under Rule 60(b)(3) FRCP or Rule 60(b)(6) FRCP and Rule 9024 FRBP, the Motion is **DENIED**.

### IV.
### CONCLUSION

The Debtor's Motion seeking reconsideration, having been **DENIED**, is now fully adjudicated. Accordingly, the Defendant's appeal, which was suspended by operation of Rule 8002(b) FRBP pending disposition of the Motion, has ripened and places jurisdiction of the appeal with the United States District Court for the Western District of New York.

IT IS SO ORDERED.

Dated: December 11, 2014  _____/s/_____
Rochester, New York  HON. PAUL R. WARREN
UNITED STATES BANKRUPTCY JUDGE